**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Civil Action No. _____**

**Pharmacy Corporation of America**
**d/b/a PharMerica,**

Plaintiff,

v.

**Royal Meridian Management Company, LLC,**
**Riverfront Acquisition I, LLC**
**d/b/a Bay Vue Nursing and Rehabilitation Center**
**d/b/a Residence at Bay Vue**
**Watercrest Acquisition I LLC**
**d/b/a Krystal Bay Nursing and Rehabilitation**
**Martin Acquisition I LLC**
**d/b/a Martin Nursing and Rehabilitation,**

Defendants.

---

## Complaint

---

Plaintiff Pharmacy Corporation of America d/b/a PharMerica ("PharMerica") states as follows for its Complaint against Defendants Royal Meridian Management Company, LLC ("Royal Meridian"); Riverfront Acquisition I, LLC d/b/a Bay Vue Nursing and Rehabilitation Center d/b/a Residence at Bay Vue ("Bay Vue"); Watercrest Acquisition I LLC d/b/a Krystal Bay Nursing and Rehabilitation ("Krystal Bay"); and Martin Acquisition I LLC d/b/a Martin Nursing and Rehabilitation ("Martin") (collectively Royal Meridian, Bay Vue, Krystal Bay, and Martin are the "Defendants").

### NATURE OF THE ACTION

1.      This action arises out of Defendants' failure to pay PharMerica for pharmacy-related goods and services provided by PharMerica to residents of skilled

PD.45035880.3

nursing facilities managed by Royal Meridian and operated by Bay Vue, Krystal Bay, Martin, and West Broward Acquisition I LLC d/b/a West Broward Rehabilitation and Healthcare ("West Broward").[1]

## THE PARTIES

2.      PharMerica is a California corporation with its principal place of business in Louisville, Kentucky. For diversity purposes, PharMerica is a citizen of California and Kentucky. PharMerica provides pharmacy-related goods and services for residents of skilled nursing and other long-term care facilities.

3.      Royal Meridian is a Florida limited liability company. Royal Meridian's members are Steven Gottlieb, a Florida resident, and Sarah Gottlieb, Herbert Jozefovic, and Mark Neuman, each a New York resident.  For diversity purposes, Royal Meridian is a citizen of Florida and New York.

4.      Bay Vue is a Florida limited liability company. Bay Vue's members are Steven Gottlieb, a Florida resident, and Sarah Gottlieb, Herbert Jozefovic, and Mark Neuman, each a New York resident.  For diversity purposes, Bay Vue is a citizen of Florida and New York.

5.      Krystal Bay is a Florida limited liability company. Krystal Bay's members are Steven Gottlieb, a Florida resident, and Sarah Gottlieb, Herbert Jozefovic, and Mark Neuman, each a New York resident.  For diversity purposes, Krystal Bay is a citizen of Florida and New York.

---

[1] West Broward is not named as a defendant in this action because, as of the date of filing of this Complaint, a receiver has been appointed for West Broward and creditors of West Broward have been ordered not to seek or create claims against West Broward pursuant to an Order issued December 14, 2023, in Broward Co. Circuit Court Case No. CACE23001397, captioned *Institutional Leasing I, LLC v. West Broward Acquisition I, LLC*. PharMerica reserves the right, subject to orders from this Court, to add West Broward as a defendant as it is permitted to do so.

PD.45035880.3

6.      Martin is a Florida limited liability company. Martin's members are Steven Gottlieb, a Florida resident, and Sarah Gottlieb, Herbert Jozefovic, and Mark Neuman, each a New York resident.  For diversity purposes, Martin is a citizen of Florida and New York.

7.      Non-party West Broward is a Florida limited liability company. West Broward's members are Steven Gottlieb, a Florida resident, and Sarah Gottlieb, Herbert Jozefovic, and Mark Neuman, each a New York resident.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

9.      The Court has personal jurisdiction over all Defendants because they transact business in this state through the operation and management of the Defendants' skilled nursing facilities located in this state, because the issues giving rise to this suit occurred in this state, and because they contracted to perform a contract in this state.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because at least one Defendant operates and conducts business in this judicial district and all Defendants are subject to this Court's personal jurisdiction.

## STATEMENT OF FACTS

### The Pharmacy Services Agreement

11.     PharMerica entered into a Pharmacy Services Agreement effective January 15, 2023 (the "PSA") with Royal Meridian for PharMerica to provide pharmacy goods and services to the residents of Defendants' facilities in exchange for payment by Royal Meridian.  A redacted version of the PSA is attached to this Complaint as **Exhibit 1**.  Upon request, PharMerica will provide a complete copy of the PSA to the Court and the Defendants.

12.     Bay Vue, Krystal Bay, Martin, and West Broward held the NPI and licenses for their respective facilities at all relevant times hereto.

13.     The PSA provides that invoices are to be paid within 120 days of the billing date. *See* PSA §5(D)(1). Any unpaid amounts bear interest at the monthly rate of one and one-half percent (1.5%) or the highest rate permitted by applicable law, whichever is less. *See id*. §5(D)(2).

14.     The PSA further provides that Royal Meridian shall reimburse PharMerica for any and all costs and expenses incurred in collecting payment, including, but not limited to, reasonable attorney's fees. *Id.*

15.     PharMerica performed all obligations required of it under the PSA, submitted monthly invoices, and otherwise satisfied all conditions precedent to payment.

**Failure to Pay PharMerica**

16.     Royal Meridian failed to pay PharMerica's invoices as they became due and owing under the PSA.

17.     Despite PharMerica's billing, repeated demands for the sums due and owing, and conferences regarding amounts outstanding, Royal Meridian has failed to pay for the goods and services provided by PharMerica.

18.     For invoices through and including the February 2024 invoices for goods and services provided to Defendants' facilities and the residents of those facilities, Royal Meridian owes PharMerica $468,670.07, exclusive of interest.

19.     Upon information and belief, Bay Vue, Krystal Bay, Martin, and West Broward have been reimbursed by Medicare for all or a significant portion of the goods and services provided by PharMerica to their facilities, and Defendants have directly or indirectly benefited from such reimbursement to the detriment of PharMerica.

PD.45035880.3

20.     Upon information and belief, Bay Vue, Krystal Bay, Martin, and West Broward have reported PharMerica's invoice charges as valid expenses to Medicare on their skilled nursing facilities' annual cost reports.

21.     The PSA provides that PharMerica may collect reasonable costs and attorneys' fees for bringing an action under the PSA.

22.     As a result of Royal Meridian's failure to pay, PharMerica has incurred attorney's fees and other costs in preparing and filing this action, all of which are the responsibility of Royal Meridian.

23.     PharMerica has retained the undersigned attorneys in enforcing its rights under the PSA and has agreed to pay them a reasonable fee for their services, which shall be the responsibility of Royal Meridian.

24.     All conditions precedent have occurred, have been satisfied, or have been waived.

<div align="center"><strong>Improper Termination</strong></div>

25.     The PSA allows either party to terminate the agreement with or without cause by providing the other party with a written notice of non-renewal at least 60 days before the expiration of the then-current term of the agreement. If the party desiring to terminate fails to comply with such requirements, the PSA automatically renews for an additional one-year term. PSA § 6A.

26.     The PSA also permits either party, after August 1, 2023, to terminate the agreement at any time upon 60 days' written notice to the other party. *Id.* § 6B.

27.     Notice under the PSA is required to be sent by certified mail, postage prepaid, return receipt requested, or by use of a national overnight delivery service, to the other party at the address listed in the signature portion of the PSA or at another address designated by the other party. *Id.* § 17D. Any notice that is not delivered in the manner specified in the PSA does not constitute effective notice under the PSA. *Id.*

<div align="center">5</div>

28.     Notwithstanding the provisions in sections 6A and 6B of the PSA, Royal Meridian agreed that any termination it issued when there were payment amounts past due to PharMerica would be void and of no effect. *Id.* § 6D.

29.     Neither party exercised its option to terminate the PSA prior to the automatic renewal.

30.     The initial term of the PSA lasted until January 14, 2024, after which it automatically renewed for successive one-year terms pursuant to its terms. *Id.* § 1.

31.     Royal Meridian, as well as each of Bay Vue, Krystal Bay, Martin, and West Broward, purported to terminate the agreement with regard to their respective facilities at various times during 2023, on or about November 1, May 1, March 11, and December 29, respectively. In each instance, the purported termination was issued in violation of the PSA's requirements for notice and timing regarding termination and with substantial balances past due to PharMerica. Each ceased ordering pharmacy goods and services from PharMerica immediately thereafter.

32.     Because the purported terminations issued by Bay Vue, Krystal Bay, Martin, and West Broward were issued in violation of the terms of the PSA, and because Defendants have not paid PharMerica all outstanding amounts due, the PSA has not been terminated, and remains in effect through the end of its current term on January 14, 2025.

33.     As a result of Defendants' decision to cease utilizing PharMerica for orders of pharmacy-related goods and services for the Facilities, PharMerica has suffered damages in the form of lost profits on orders that would have been placed throughout the remainder of the PSA term, which does not end until January 14, 2025, at the earliest.

### COUNT I – BREACH OF CONTRACT
### (ROYAL MERIDIAN)

34.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation in paragraphs 1 through 33 set forth above.

6

PD.45035880.3

35.     Royal Meridian entered into a valid and enforceable contract with PharMerica.

36.     PharMerica performed all conditions, covenants and promises on its part to be performed under the PSA and otherwise agreed upon by the parties.

37.     Without legal justification or excuse, Royal Meridian materially breached the PSA by failing to pay invoices as they became due and by purporting to terminate the PSA in violation of its terms and with amounts past due.

38.     As a direct and proximate result of the breach of the PSA, PharMerica has suffered damages including amounts due and owing for pharmacy-related goods and services it provided and for which Royal Meridian failed to pay, as well as lost profits PharMerica would have earned on orders for pharmacy goods and services that would have been placed through the end of the PSA's term on January 14, 2025.

39.     Interest is accruing on the unpaid balance of invoices pursuant to the PSA and law.

### COUNT II – UNJUST ENRICHMENT/CONSTRUCTIVE TRUST
### (BAY VUE, KRYSTAL BAY, MARTIN)

40.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth in paragraphs 1 through 33 above.

41.     PharMerica conferred a benefit on Bay Vue, Krystal Bay, and Martin by providing them with valuable pharmacy-related goods and services.

42.     Bay Vue, Krystal Bay, and Martin have not paid PharMerica for those pharmacy-related goods and services.

43.     PharMerica's pharmacy-related goods and services were provided under circumstances pursuant to which Bay Vue, Krystal Bay, and Martin knew, or reasonably should have known, that PharMerica would expect to be compensated.

PD.45035880.3

44.     Bay Vue, Krystal Bay, and Martin wrongfully and intentionally withheld payments due to PharMerica for the pharmacy-related goods and services provided by PharMerica.

45.     Bay Vue, Krystal Bay, and Martin have been unjustly enriched through the receipt of such pharmacy-related goods and services and at the expense of PharMerica.

46.     Bay Vue, Krystal Bay, and Martin have knowingly and willingly received, or will receive, reimbursement from Medicare for pharmacy-related goods and services provided by PharMerica.

47.     Bay Vue, Krystal Bay, and Martin have a legal duty to immediately remit to PharMerica proceeds received in reimbursement from Medicare if they have not timely paid invoices as required by the PSA.

48.     Bay Vue, Krystal Bay, and Martin have a fiduciary duty to immediately remit to PharMerica proceeds received in reimbursement from Medicare for pharmacy-related goods and services provided by PharMerica.

49.     By withholding payment from PharMerica for pharmacy-related goods and services for which Bay Vue, Krystal Bay, and Martin have received reimbursement from Medicare, Bay Vue, Krystal Bay, and Martin have been unjustly enriched.

50.     It is against equity and good conscience to permit Bay Vue, Krystal Bay, and Martin to retain the Medicare reimbursements without paying for pharmacy-related goods and services provided by PharMerica for which such reimbursements were made.

51.     For these reasons, a constructive trust should be imposed on any and all proceeds which have been, or hereafter are, received by Bay Vue, Krystal Bay, and Martin as reimbursement by Medicare for pharmacy-related goods and services provided by PharMerica.

52.     PharMerica is entitled to recover damages from Bay Vue, Krystal Bay, and Martin in an amount to be proven at trial.

## COUNT III – PROMISSORY ESTOPPEL

53.     Except to the extent inconsistent with the relief requested in this Count, PharMerica incorporates by reference each and every allegation set forth in paragraphs 1 through 33 above.

54.     Defendants promised to pay PharMerica for the pharmacy-related goods and services that PharMerica promised to provide.

55.     PharMerica reasonably relied on Defendants' promises to pay when it delivered pharmacy-related goods and services.

56.     Later, Defendants represented to PharMerica that they would pay outstanding invoices for the pharmacy-related goods and services already provided by PharMerica.

57.     PharMerica reasonably relied upon these representations of payment when it continued to provide pharmacy-related goods and services to Defendants' facilities for their residents.

58.     PharMerica was injured by its reliance on Defendants' promises in that PharMerica has not been paid for the goods and services it provided.

59.     Injustice can be avoided only by the enforcement of Defendants' representations and promises.

60.     PharMerica is entitled to recover damages from Defendants in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PharMerica requests judgment against Defendants as follows:

A.      An award of damages in an amount to be proven at trial;

B.      Pre-judgment and post-judgment interest as permitted by the PSA and law;

9

C. The imposition of a constructive trust on sums received by Bay Vue, Krystal Bay, and Martin as Medicare reimbursement for pharmacy-related goods and services provided by PharMerica and not paid for by Defendants;

D. PharMerica's costs, expenses, and attorneys' fees; and

E. All other relief to which PharMerica may be entitled.

Respectfully submitted,

/s/ *Seth M. Schimmel*
Seth M. Schimmel
Florida Bar No. 986781
Chris B. Bach
Florida Bar No. 1048993
PHELPS DUNBAR LLP
100 South Ashley Drive
Suite 2000
Tampa, Florida 33602
Telephone: (813) 472-7550
Facsimile: (813) 472-7570
seth.schimmel@phelps.com
chris.bach@phelps.com

-and-

Jennifer Metzger Stinnett (to seek admission *pro hac vice)*
FULTZ MADDOX DICKENS PLC
101 South Fifth Street, 27th Floor
Louisville, Kentucky 40202
Telephone: (502) 588-2000
Facsimile: (502) 588-2020
jstinnett@fmdlegal.com
*Counsel for Plaintiff*